```
                UNITED STATES DISTRICT COURT FOR THE
                  WESTERN DISTRICT OF NORTH CAROLINA
                          CHARLOTTE DIVISION
                           3:06CV116-MU-01
```

| | |
|---|---|
| ABDU QAALIQ ISMAIL,              )   | |
|                                  )   | |
|     Petitioner,                    )   | |
|                                  )   | |
|         v.                            )   | **O R D E R** |
|                                  )   | |
| WILLARD JOBE, Supt.,             )   | |
|                                  )   | |
|     Respondent.                    )   | |
| _____)  | |

**THIS MATTER** is before the Court for an initial review of Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C.§ 2254.

A review of the subject federal habeas petition reflects that on July 23, 2002, after entering a guilty plea, Petitioner was sentenced to 133 to 169 months imprisonment. Petitioner directly appealed his sentence and conviction to the North Carolina Court of Appeals. On August 19, 2003, the North Carolina Court of Appeals found no error and dismissed his appeal. On March 25, 2004, Petitioner filed a Motion for Appropriate Relief (MAR) in the Union County Superior Court which was denied on October 13, 2004. On December 21, 2004, Petitioner filed a writ of certiorari with the North Carolina Supreme Court which was denied on February 5, 2005.

On March 9, 2006,[1] Petitioner filed the instant federal habeas petition.

On April 23,1996 Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. §2244(d)(2) by imposing a 1-year statute of limitations period for the filing of a federal habeas petition. Such amendment provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1] In Houston v. Lack, 487 U.S. 266 (1988), the United States Supreme Court held that a pro se prisoner's notice of appeal is deemed filed as of the date on which a prisoner delivers the notice of appeal to prison authorities for forwarding to the district court. Id. at 276. Applying the reasoning of the Houston case to Petitioner's filing of his Petition for Writ of Habeas Corpus, his Petition would be deemed filed, on the date he delivered it to prison officials for forwarding to the district court. Petitioner dated his federal habeas petition on March 9, 2006. At this time, the Court will use this date as Petitioner's filing date for his federal habeas petition.

28 U.S.C. § 2244(d)(1).

Here, the record is clear that Petitioner's conviction became final on or about September 13, 2003.[2] See Clay v. United States, 537 U.S. 522 (2003)(for federal cases, finality occurs when the time for noticing review expires); Saquilar v. Harkleroad, 348 F. Supp. 595 (M.D.N.C. 2004)(extending holding in Clay to state habeas cases). Petitioner's limitation period then ran for 194 days until he filed his MAR on March 25, 2004. Petitioner's limitation period was then tolled while his post-conviction proceedings were pending. 28 U.S.C. § 2244(d)(2). His limitation period, however, began again on February 6, 2005,[3][4] and expired 171 days later on or about

---

[2] See N.C. R. App. P. 14(a) & 15(b)(parties have 15 days from issuance of mandate to file appeal to North Carolina Supreme Court); see also N.C. R. App. P. 32(b)(mandate issues 20 days after opinion is filed unless otherwise ordered).

[3] AEDPA's limitation period is not tolled by the 90 day period for appealing the denial of state habeas proceedings to the United States Supreme Court if a petitioner does not file such an appeal. See Atkinson v. Angelone, 20 Fed. Appx. 125 (4th Cir. 2001). Moreover, the Court notes that even if the ninety days were used to calculate Petitioner's limitation period, his petition would still be untimely.

[4] The Court notes that Petitioner's appeal of the denial of his MAR to the North Carolina Supreme appears not to be a properly filed motion such that it would operate to toll Petitioner's limitation period. See N.C.G.S. § 15A-1422(f)(decisions of court of appeals on motions for appropriate relief . . . are final and not subject to further review by appeal, certification, writ, motion or otherwise); Artuz v. Bennett, 531 U.S. 4, 8 (2000)(an application is "properly filed" if it conforms to state rules concerning "the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee."). Nevertheless, for the sake of argument and for purposes of this Order only, the Court has calculated

3

July 26, 2005. Petitioner did not file the instant federal habeas petition until March 9, 2006.

The Court notes that in his federal habeas form, Petitioner sets forth his reasons for believing that his federal habeas petition is timely filed. Unfortunately, Petitioner miscalculated his limitation period. The United States Court of Appeals for the Fourth Circuit when analyzing AEDPA's limitation period and the concept of equitable tolling has stated that "any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." See Harris v. Hutchinson, 209 F.3d 325, 330(4th Cir. 2000) That is, equitable tolling is "reserved for those rare instances where - due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Id. at 330. An error in calculating the limitation period is not a circumstance that warrants equitable tolling. See id. at 330-31 (holding that a mistake by a party's counsel in interpreting a statute of limitations does not present the extraordinary circumstances beyond a party's control where equity should step in to give the party the benefit of his erroneous understanding). As such, this Court holds that Petitioner's federal habeas petition is

---

Petitioner's limitation period with this period tolled.

**4**

untimely.[5]

**NOW, THEREFORE, IT IS HEREBY ORDERED that** Petitioner's Petition for a Writ of Habeas Corpus is **DISMISSED.**

Signed: March 30, 2006

Graham C. Mullen
United States District Judge

---

[5] In January 2002, the United States Court of Appeals for the Fourth Circuit decided the case of Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). In that case, the Court concluded that "when a federal habeas court, prior to trial, perceives a pro-se § 2254 petition to be untimely and the state has not yet filed a motion to dismiss based on the one-year limitations period, the [district] court must warn the prisoner that the case is subject to dismissal . . . absent a sufficient explanation . . . ." The Fourth Circuit premised its holding on Hill on the fact that a pro se petitioner is unlikely "to preempt an anticipated statute of limitations defense by including facts to show that the petition is timely." Id. At 707. In the instant case, Petitioner, unlike the petitioner in Hill, had an opportunity in his form petition to address the timeliness of his petition. In doing so, Petitioner incorrectly sets forth the law regarding the computation of his limitation period under AEDPA. Accordingly, given the fact that Petitioner knew of AEDPA's limitation period and indeed was informed of the specifics of AEDPA's limitation period at the time he filed his federal habeas petition, this Court concludes that it need not provide Petitioner with any additional opportunities to address such matters.

5